IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM ALLEN WHITLOW,
      Plaintiff,

vs.                        Case No.: 3:16cv716/MCR/EMT

COL. LAMBERT, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  Leave to proceed in forma pauperis has been granted (ECF No. 8).

Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Upon review of the complaint, the court finds this case should be dismissed as malicious.

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 4–5).  In response to Question B of Section IV, which requests information regarding previous

cases Plaintiff has filed in federal court that deal with the same or similar facts as those in the instant action, Plaintiff named one case, without a case number, filed in this district.  Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 4)  In response, Plaintiff references one unidentified case, which Plaintiff seems to state was dismissed because of an incomplete motion for leave to proceed in forma pauperis.  Finally, Question D of Section IV asks, "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  (*id*.).  Plaintiff responded by referencing another unidentied case which Plaintiff also appears to state was dimissed on grounds of an incomplete motion to proceed in forma pauperis.

Plaintiff identified no other cases in answer to the questions on the complaint form.  Thus, Plaintiff in effect has stated that, other than the three unidentified cases indicated above, he has never initiated any actions in either state or federal court that related to the fact or manner of his incarceration or the conditions of his confinement,

including habeas corpus petitions.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 14).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[1]

---

[1] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or

  Upon review of the docket, this court takes judicial notice that, as of the date

Plaintiff filed his complaint, he had previously filed several cases in the Middle

District of Florida:

  • <u>Whitlow v. Secretary, Department of Corrections</u>, Case No. 8:14-cv-00894-
EAK-TGW, filed April 15, 2014.

  • <u>In Re: William Allen Whitlow</u>, Case No. 8:16-mc-00042-VMC-MAP, filed
April 11, 2016.

  • <u>Whitlow v. Secretary, Department of Corrections</u>, Case No. 8:16-cv-01442-
EAK-JSS, filed June 6, 2016.

  • <u>Whitlow v. Fliesher</u>, Case No. 8:16-mc-00087-VMC-TGW, filed July 15,
2016.

  • <u>Whitlow v. Secretary, Department of Corrections</u>, Case No. 8:16-cv-02097-
SDM-MAP, filed July 21, 2016.

  • <u>Whitlow v. United States of America</u>, Case No. 8:16-cv-02286-CEH-TBM,
filed August 9, 2016.

  • <u>Whitlow v. Secretary, Department of Corrections</u>, Case No. 8:16-cv-02694-
MSS-JSS, filed September 19, 2016.

  Cursory review reveals that most of these previously filed cases were habeas

corpus cases challenging the fact or duration of Plaintiff's confinement in the Florida

---

more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals
were frivolousness, mailciousness or failure to state a claim upon which relief may be granted."
<u>Rivera v. Allin</u>, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on
other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

Department of Corrections.  Case No. 8:16-cv-02286-CEH-TBM was filed as a civil rights cause of action, though the court at its best guess (due to the complaint's incomprehensibility) surmised the case to seek damages for wrongful imprisonment (*see* Case No. 8:16-cv-02286-CEH-TBM, Doc. 3 at 1).

In this district court, the court finds that Plaintiff had previously filed the following cases:

- Case No. 3:16-cv-00470-LAC-EMT, <u>Whitlow v. Rummel</u>, filed 09/20/2016.

- Case No. 3:16-cv-00471-RV-CJK, <u>Whitlow v. Coker</u>, filed 09/20/2016.

- Case No. 5:16-cv-00263-MP-GRJ, <u>Whitlow v. Samples</u>, filed 09/20/2016.

- Case No. 3:16-cv-00510-MCR-CJK, <u>Whitlow v. Coker</u>, filed 10/06/2016.

- Case No. 5:16-cv-00347-WTH-GRJ, <u>Whitlow v. Samples</u>, filed 12/21/2016.

Cursory review of these cases reveals that they are all civil rights actions challenging various aspects of Plaintiff's conditions of confinement in prison.  Thus, the court finds that all of the above cases should have been listed in response to Question C of Section IV the complaint form.  Plaintiff *at best* referenced three unidentified cases on the complaint form, which clearly represents an omission of several cases.

The omission of these cases is even more glaring in light of Case No. 3:16-cv-00470-LAC-EMT, in which this court similarly found Plaintiff to have failed to disclose cases that had been previously filed by him at the time. In the Report and Recommendation entered in that case, the court specifically and fully identified seven of the above-referenced cases in showing what Plaintiff had omitted to report on the complaint form (*see* Case No. 3:16-cv-00470-LAC-EMT, ECF No. 5 at 4). That Report and Recommendation was issued three months before the instant case was filed; yet, after being reminded of these previous cases (assuming such was necessary), Plaintiff still failed to properly disclose any of them.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of this

action may result from his untruthful answers.[2]  If Plaintiff suffered no penalty for his

untruthful responses, there would be little or no disincentive for his attempt to evade

or undermine the purpose of the form.  Furthermore, if word spread around the prisons

that the questions on the complaint form could be circumvented in such a manner, the

court might be confronted with widespread abuse from its many prisoner litigants.

Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the

judicial process in not providing the court with true factual statements or responses

is to dismiss this cause <u>without prejudice</u>.[3]  *See*, *e.g.*, <u>Hanson v. McCaul</u>, Case No.

4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009)

(dismissing case without prejudice for prisoner-plaintiff's failure to disclose two

federal cases (both of which were previously dismissed for failure to comply with

court orders) on complaint form which required prisoner litigants to list all other cases

that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>,

---

[2] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 4) (emphasis and capitalization in original).

[3] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses.  *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009)
(dismissing case without prejudice for prisoner-plaintiff's failure to disclose four
federal cases (two of which were previously dismissed for failure to comply with court
orders and the other two were previously voluntarily dismissed by plaintiff) on
complaint form which demanded litigation information regarding "any lawsuits
brought in federal court . . .").  Plaintiff should also be warned that such false
responses, filed herein or filed in the future, will not be ignored and may result in
more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th
Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about
previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28
U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 8th day of May 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.